**KATTWINKEL, Plaintiff-Appellee, v KATTWINKEL, Defendant-Appellee, and, HALL, Defendant-Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6741. Decided January 20th, 1947.

170

Simon L. Leis and Jos. F. Nieman, Cincinnati, for plaintiff-appellee.

Edwin J. Hayes, Cincinnati, for defendant-appellant.

## OPINION

By ROSS, J.

This is an appeal from a judgment of the Common Pleas Court of Hamilton County, affirming a judgment of the Municipal Court of Cincinnati, sustaining a writ of replevin in favor of the Plaintiff for an automobile.

The facts developed from the record are that the Plaintiff at the time he entered the armed forces of the United States in 1943 transferred title to an automobile which he had purchased and partly paid for to his wife, such transfer of title was duly evidenced by a certificate of title which was issued to his wife. The Plaintiff states "That at that time the automobile was transferred to his wife, merely as a matter of

convenience to her during his stay in the armed forces, and that it was understood between he and his wife that the automobile would be re-delivered and transferred to him upon his discharge from the army."

The Plaintiff was discharged in the early part of December 1945, that he then requested his wife to retransfer the automobile to him and she agreed to do this. On the seventh of December, 1945, he and his wife together sought the services of a Notary Public to complete such retransfer but, were unsuccessful, they agreed to do so the following day, but became involved in a disagreement later in the evening of December 7, 1945 and she then refused to retransfer the automobile.

On December 11, 1945, Plaintiff filed suit against his wife for divorce and a decree of divorce was granted Plaintiff. The wife did not contest the action. Upon filing the petition for a divorce an order was made restraining the wife from disposing of the automobile. In the final decree of divorce, title to the automobile was awarded Plaintiff.

Prior to the filing of the petition for divorce and immediately after the last conference of Plaintiff and his wife she transferred title to the automobile to her sister.

This transfer of title was evidenced by a certificate of title delivered to the sister Verna Hall one of the Defendants herein. While it is claimed by the plaintiff in his brief that consideration for such transfer was past, there is evidence that while a part of such consideration was monies previously advanced the wife of Plaintiff by her sister there is also substantial evidence that the sister paid in addition to such advances the sum of $200.00 which constituted her discharge pay from the armed forces. The sister testified she paid in all $700.00 and that she had given her sister the wife of Plaintiff $300.00 to defray her expense upon a trip to visit the Plaintiff.

The Plaintiff's wife testified that she paid off $275.00 remaining due on the purchase price of said automobile before the return of her husband from overseas and that her sister had advanced her $500.00 and paid $200.00 at the time she transferred such automobile to her sister.

It is the contention of the Plaintiff that the final decree of divorce in which Plaintiff was awarded title to the automobile was sufficient to set aside the transfer of title from the wife to her sister and to reinvest such title in the Plaintiff. Had the wife still title to the automobile at the time the restraining order was made there would be little difficulty with the Plaintiff's contention.

There is no direct evidence in the record that the sister

knew of any arrangement which Plaintiff had with his wife involving this automobile. The peculiar circumstance surrounding the transfer of the automobile to the sister immediately after the tilt of Plaintiff with his wife would suggest that the sister was not a bona fide purchaser for value, but a mere suggestion does not react the dignity of a reasonable inference. Certainly if the sister were a bona fide purchaser for value the decree of the court would be unavailing to transfer title to the Plaintiff. The sister was not made a party to the divorce action and the decree in that action was unavailing against her certified title ownership of the automobile. The evidence in this case does not reach the level required to show a fraudulent conspiracy between the wife of Plaintiff and her sister to defraud the plaintiff of his right to have the automobile returned to him.

In addition to this the sister is the holder of the certificate of title and the Plaintiff is not.

Section 6290-4 GC provides in part that: "No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle, hereafter sold or disposed of, or mortgaged or encumbered, unless evidenced by a certificate of title or manufacturer's or importer's certificate duly issued, in accordance with the provisions of this chapter."

This court has held that when it is clearly shown that it was not the intention of the owner to have a certificate delivered to take effect as a transfer of title, the certificate in the hands of a person fraudulently acquiring same may be ignored. Martin v Ridge Motor Sales, Inc., 78 Oh Ap 116.

This is not such a case. The Plaintiff intended to convey title to his wife.

That he had an agreement with her to reconvey to him, upon his return from the service and that she broke this agreement may give rise to some form of action but in the face of a certificate of title in the hands of the sister in view of the evidence presented will not sustain a writ of replevin against the purchaser from the sister.

The judgments of the Common Pleas Court of Hamilton County and the Municipal Court of Cincinnati are reversed and judgment may be here entered for the defendant Verna Hall.

HILDEBRANDT, PJ, MATTHEWS and ROSS, JJ, concur in Syllabus, Opinion and Judgment.